## WILLIAM POWERS, JR. v. THE STATE.

See this case for circumstantial evidence, which was held to be insufficient, on appeal, to sustain a verdict of guilty of larceny.

Appeal from Red River.   Tried before the Hon. William S. Todd.

Indictment for larceny ; of $70, property of James C. Duty. Witness, Richard Duty, kept a grocery for James C. Duty in Clarkesville, on the 24th of December, 1851; a good deal of drinking that evening at the grocery; witness drank too much ; prisoner there early in the night ; returned about—— o'clock ; witness was in bed ; does not know how long ; prisoner called to him ; got up and let the prisoner into the grocery ; soon afterwards prisoner invited witness to go to Powers' hatter shop where prisoner slept, and eat some eggs ; witness locked the grocery door and put the key in his pocket and went with prisoner to his room ; nothing more said of the eggs by either of them ; after arriving at the hatter shop, being drowsy from the effects of liquor, witness laid down on prisoner's bed and soon fell asleep ; supposes prisoner slept with him ; has no knowledge of prisoner having left the room that night ; prisoner let him out the room next morning ; when he went to the grocery early next morning found the door locked, but one of the windows was open, and from the mud and other signs on the window sill, it appeared that some one had entered the house through the window ; the window shutters fastened on the inside ; were fastened on that night, and could not be opened from the outside without breaking them, and they were not broken ; upon examining the drawer, found that money to the amount of eighty or ninety dollars was gone ; this was early in the morning of the 25th December,

1851 ; soon afterwards prisoner came to the grocery ; witness does not recollect whether before or after breakfast ; witness took prisoner to the back door of the grocery and told him that his (witness') money was stolen ; prisoner denied any knowledge of the theft.

James C. Duty sworn : testified that he lived near town, and hearing considerable noise and halloing in town on the night of the 24th December, 1851, he came into town ; found Richard Duty considerably intoxicated ; advised him to close the door and go to bed, which he did ; when witness first got into town, found Richard Duty, prisoner and several others in an old blacksmith shop ; witness spoke a few words to the prisoner, when he advised Richard Duty to go to bed ; witness and prisoner then went to the hatter shop, where prisoner slept, and there conversed a little, when prisoner said he would also go to bed.

J. C. Hart sworn : testified that he kept a grocery adjoining Duty's ; corroborated previous testimony as to drinking and carousing ; witness was uneasy lest Duty's grocery should get on fire, and his should also be burned ; after James Duty came in and had his house closed, witness went to bed, but before he went to sleep, he heard the prisoner's voice at Duty's door, calling Richard Duty, who got up, and he heard the two walking off together ; some time afterwards heard some one in the grocery, and supposed Duty had returned.

Wm. Elliott sworn : testified that since Duty kept his grocery, the father of witness kept a drug store in the same house in 1854 ; the lower sash of the window, described by Richard Duty, could not, by the strength of one man, be forced up more than four inches, when his father first moved into the house ; this witness also stated that the lock to said door was a peculiar one, and could not be unlocked, except by one acquainted with the use of it.

James C. Brown sworn : testified that early on the morning of the 25th December, 1851, prisoner came to him while he,

witness, was feeding his horse, and said there had been more devilment kicked up in Clarksville. Did you hear that Duty's grocery had been broken into and money stolen? If they lay it on me, I will kill the man who does it.

The attorneys not having agreed, the Judge certified the facts. Verdict of guilty, and punishment assessed at three years in the Penitentiary. Motion for a new trial overruled.

*J. T. Mills* and *H. Dillahunty*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. The circumstances which will amount to proof sufficient to warrant a conviction, it has been truly said, can never be matter of general definition. Every case must be determined upon its own particular circumstances. The only legal test of which they are susceptible, is their sufficiency to satisfy the mind and conscience of a man of ordinary understanding, and so to convince him that he would venture to act upon that conviction, in matters of the highest concern and importance to his own interest. By satisfactory, or sufficient evidence, is intended that amount of proof which ordinarily satisfies an unprejudiced mind beyond reasonable doubt. (1 Greenl. Ev. Sec. 2 ; 1 Stark Ev. 514.) Less than this is not sufficient to warrant a conviction. As was said in the Commonwealth v. Webster, (5 Cushing, 317,) in order to warrant a conviction of a crime on circumstantial evidence, the circumstances, taken together, must be of a conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing, in effect, a reasonable certainty that the accused, and no other person, committed the offence charged. What will amount to proof sufficient to warrant a conviction, has been sufficiently considered by this Court in former decisions, and does not require a more particular examination here. (Shultz v. The State, 13 Tex. R. 401 ; Henderson v. The State, 14 Id. 503.) It may suffice to say

that, tested by the well settled rules of evidence upon this subject, it must be held that the evidence in this case was not sufficient. The proof is positive that a larceny had been committed ; but there is no fact or circumstance which points to the defendant, rather than any other person, as certainly its author. Comment upon the evidence is unnecessary ; and as the case will be remanded for a new trial, we think proper to abstain from a discussion of the tendency and effect of the particular facts and circumstances detailed by the witness. It is sufficient for the present disposition of the case, that it cannot, we think, be said of the circumstances tending to inculpate the accused, that they are of a conclusive nature and tendency, and sufficient to produce the conviction, to a reasonable and moral certainty, that he, and no other person, committed the larceny. We are, therefore, of opinion that the Court erred in refusing a new trial, for which the judgment must be reversed and the cause remanded.

Reversed and remanded.